IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GENERAL GRANT BELL,
    Petitioner,

vs.                                      Case No. 5:10cv267/RS/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**ORDER and REPORT AND RECOMMENDATION**

    Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Petitioner has also filed a motion for leave to proceed in forma pauperis (Doc. 2). It appears that Petitioner qualifies to proceed in forma pauperis; therefore, his motion to proceed in forma pauperis will be granted. However, upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

I.    BACKGROUND AND PROCEDURAL HISTORY

    Following a jury trial in the Circuit Court in and for Washington County, Florida, Petitioner was convicted of arson (Doc. 1 at 1). On December 17, 2001, he was sentenced as a prison releasee reoffender to thirty (30) years of imprisonment (*id.*). Petitioner appealed the judgment to the Florida First District Court of Appeal; and the appellate court affirmed per curiam without written opinion on June 27, 2003. Bell v. State, 849 So. 2d 298 (Fla. 1st DCA 2003) (Table).

    Petitioner acknowledges on the § 2254 petition form that he previously filed a § 2254 petition in this court regarding the validity of this conviction; and he submitted with his petition a request for permission to file a second § 2254 petition (*id*. at 3, 7–14). The court's records confirm that on March 12, 2007, Petitioner filed a habeas petition under § 2254 in this court, which challenged the same judgment of conviction and sentence that is the subject of the instant § 2254

petition. *See* Bell v. McDonough, Case No. 5:07cv56/RS/AK, Doc. 1, Petition (N.D. Fla. Mar. 14, 2007). The district court, adopting the magistrate judge's report and recommendation, denied the petition with prejudice. *Id.*, Doc. 26, Order (N.D. Fla. Sept. 4, 2008). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals; and the appellate court affirmed per curiam on November 18, 2009. Bell v. McNeil, No. 08-15591, 353 Fed. Appx. 281, 2009 WL 3837330 (11th Cir. 2009) (unpublished). Additionally, on July 6, 2010, the Eleventh Circuit denied Petitioner's application for leave to file a second or successive habeas petition. In re: General Bell, No. 10-12799-C (11th Cir. July 6, 2010).[1]

In the instant petition, Petitioner again challenges his conviction and sentence imposed on December 17, 2001, by the Washington County Circuit Court (Doc. 1). He raises the following grounds for relief:

> Ground one: Ineffective Counsel, Not Objecting to the State's Striking of All the Black Jurors and 1 White.
>
> Ground two: Ineffective Counsel for Waiving Right to a Neil Inquiry.
>
> Ground three: Counsel Was in Conflict with His Client.
>
> Ground four: Trial Judge Violated Rule 3.300 Venire Being Sworn Prior to Voir Dire Exam.

(Doc. 1 at 4–5).

II.   ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 petition filed by Petitioner in 2007. Furthermore, Petitioner's 2007 petition qualified as a first petition for the purpose of determining successor status because the court adjudicated

---

[1] A copy of the Eleventh Circuit's opinion was docketed in Petitioner's first § 2254 case. *See* Bell v. McDonough, Case No. 5:07cv56/RS/AK, Doc. 66, Order of USCA (11th Cir. July 6, 2010).

Case No.: 5:10cv267/RS/EMT

Petitioner's claims on the merits.[2] *See* Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999) (denial of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)). Therefore, the instant petition is second or successive. Additionally, it is obvious from the record that Petitioner failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case should be dismissed for lack of jurisdiction.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 5:10cv267/RS/EMT

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That this habeas action be **DISMISSED** for lack of jurisdiction.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of October 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**